**Joulian FAOUR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

**No. 04–72617, A77–589–081.**

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

Dan E. Korenberg, Esq., Korenberg Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS and CLIFTON, Circuit Judges.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**864**

MEMORANDUM ***

Joulian Faour, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, see Lata v. INS, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

Substantial evidence supports the BIA's determination that Faour's alleged persecutors did not, and would not, act on account of his Christian faith. Faour himself stated that "[the brothers] will kill [him] ... because [he] didn't marry their sister." As a result, the record does not compel the conclusion that Faour demonstrated a nexus between the claimed persecution and a protected ground. See Tecun–Florian v. INS, 207 F.3d 1107, 1109–10 (9th Cir. 2000).

Because Faour failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Alvarez–Santos v. INS, 332 F.3d 1245, 1255 (9th Cir.2003).

We do not review Faour's CAT claim because he did not exhaust administrative remedies and it was not properly argued in his brief. See Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir.2004); Martinez–Serrano v. INS, 94 F.3d 1256, 1259–60 (9th Cir.1996).

The voluntary departure period was stayed, and that stay will expire issuance of the mandate. See Desta v. Ashcroft, 365 F.3d 741 (9th Cir.2004). PETITION FOR REVIEW DENIED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

